# EXHIBIT "A"

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**
By: LOUIS B. HIMMELSTEIN, ESQUIRE
Identification Number: 41140
1420 Walnut Street-Suite 1000
Philadelphia, PA 19102
(215) 790-9996
ATTORNEY FOR PLAINTIFF

| | |
|---|---|
| Theresa Walls<br>305 Sharon Ave, Apt A, Sharon Hill, PA 19079<br>vs.<br>Eric Chevalier<br>504 Park St, New Iberia, LA 70560<br>and<br>Atlas Leasing Company<br>1901 Pratt Blvd, Elk Grove Village, IL 60007<br>and<br>Tak Trucking Inc.<br>2510 Devon Ave, Elk Grove Village, IL 60007 | **COURT OF COMMON PLEAS**<br>**PHILADELPHIA COUNTY**<br><br>No.:<br><br>Civil Action - Complaint |

## COMPLAINT

**COMES NOW**, Plaintiff, **Theresa Walls**, by and through his counsel, Louis B. Himmelstein & Associates, P.C., and hereby claims damages of the Defendants, individually, jointly and/or severally, upon a cause of action whereof the following is a statement:

1.  Plaintiff, **Theresa Walls,** is an adult individual, resident and citizen of the Commonwealth of Pennsylvania, and at all times herein material, Plaintiff, **Theresa Walls**, was caused to sustain severe injuries due to a collision hereinafter described.

2.  Defendant, **Eric Chevalier,** (hereinafter also referred to as Defendant(s)), is an adult individual, resident and citizen of the State of Louisiana, and at all times herein material, Defendant did own, possess, control, maintain and/or negligently operate, a certain truck and/or vehicle, which vehicle was involved in the collision hereinafter described, and which vehicle is the subject of this cause of action.

3.  Defendant, **Atlas Leasing Company**,(hereinafter also referred to as Defendant(s)), is a corporation, partnership, or other similar entity regularly doing business in the City of Philadelphia,

Commonwealth of Pennsylvania, and at all times herein material, Defendant did own, possess, control, maintain and/or negligently operate, a certain truck and/or freightliner vehicle, which vehicle was involved in the collision hereinafter described, and which vehicle is a subject of this cause of action, and at all times herein material Defendant was acting individually and/or by and through its duly authorized agent, servant, worker and/or employee, co-Defendant, **Eric Chevalier**, who was acting within the course and scope of his employment and authority, and in furtherance of each of the Defendants' businesses and affairs.

4. Defendant, **Tak Trucking Inc.**,(hereinafter also referred to as Defendant(s)), is a corporation, partnership, or other similar entity regularly doing business in the City of Philadelphia, Commonwealth of Pennsylvania, and at all times herein material, Defendant did own, possess, control, maintain and/or negligently operate, a certain truck and/or freightliner vehicle, which vehicle was involved in the collision hereinafter described, and which vehicle is a subject of this cause of action, and at all times herein material Defendant was acting individually and/or by and through its duly authorized agent, servant, worker and/or employee, co-Defendant, **Eric Chevalier**, who was acting within the course and scope of his employment and authority, and in furtherance of each of the Defendants' businesses and affairs.

5. At all times herein material, Defendants were either acting individually and/or by and through their/its/his/his duly authorized agents, servants, workmen, bailees and/or employees who were acting in the course and scope of their/his/his employment and in the furtherance of each of the Defendants' businesses and affairs.

6. On or about April 23rd, 2016, Plaintiff, **Theresa Walls,** was operating her Hyundai Santa Fe vehicle, which vehicle was being operated at and/or near Harrah's Boulevard and/or the 800 block of 2nd Street in the City of Chester, Commonwealth of Pennsylvania.

7. At the aforementioned time and location, Defendant, **Eric Chevalier,** was operating a certain truck and/or freightliner vehicle, also at and/or near Harrah's Boulevard and/or the 800 block of

2nd Street, and when the vehicle operated by Defendant reached a certain point at the aforesaid location, the Defendant, **Eric Chevalier**, operated his vehicle in such a careless, reckless and negligent manner that he failed to be cognizant of Plaintiff's vehicle, and did violently collide with the Plaintiff's Hyundai Santa Fe. As a sole and direct result of the collision, Plaintiff, **Theresa Walls**, was thrown violently about inside her vehicle, and sustained serious, painful and permanent personal injuries and damages.

8. At all times herein material Defendant, **Eric Chevalier**, was the individual who negligently operated the truck and/or freight vehicle, and failed to be cognizant of his surroundings, thereby causing the collision to occur with the vehicle Plaintiff was in, thereby causing Plaintiff to be thrown violently about.

9. At all times herein material Defendant, **Atlas Leasing Company** and/or **Tak Trucking Inc.**, was/were the entity/entities that negligently allowed a reckless driver to operate the truck and/or freight vehicle, namely **Eric Chevalier**, thereby causing the collision to occur with the vehicle Plaintiff was in, thereby causing Plaintiff to be thrown violently about.

10. It is further averred that Defendant, **Eric Chevalier**, was not watching the road, and negligently drove his vehicle directly into Plaintiff's vehicle.

11. At the aforementioned location, it is believed and therefore averred that Defendant, **Eric Chevalier**, was traveling at an excessive and dangerous rate of speed under the circumstances.

12. The accident was caused solely by the careless, reckless and negligent conduct of the Defendants, and was in no manner due to any act or failure to act on the part of Plaintiff.

13. As a sole result of the aforementioned accident, caused by the negligence, carelessness and recklessness of the Defendants, Plaintiff, **Theresa Walls**, has sustained serious, painful and permanent injuries, internally and externally, to her head, neck, back, shoulders, chest, arms, hands, wrists, fingers, hips, legs, shins, knees and feet, and the bones, cartilages, ligaments, muscles, nerves, blood vessels and soft tissues attached thereto were fractured, herniated, wrenched, bruised, and otherwise injured, including but not limited to torn supraspinatus tendon, tear of the infraspinatus tendon,

damages, including the cost of repair and/or replacement of her vehicle which was damaged in the accident; all of which are recoverable under the Motor Vehicle Financial Responsibility Law, 17 Pa. C.S. Ch. 17B, Section 1701, et seq and all other applicable laws.

18. As a further result of the instant occurrence, Plaintiff, **Theresa Walls**, has suffered an injury which is, may and shall be in full or in part, a serious impairment of and/or a permanent loss of a bodily function, a permanent serious disfigurement and/or a permanent dismemberment, which is, may or shall be permanent, irreparable and severe.

**WHEREFORE**, Plaintiff, **Theresa Walls**, claims damages of the Defendants, individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

### COUNT I
### PLAINTIFF vs. ERIC CHEVALIER

19. Plaintiff hereby incorporates by reference the previous paragraphs as if the same were set forth fully at length herein.

20. At the time and place aforesaid, the carelessness, negligence and recklessness of the Defendants, individually, jointly and/or severally consisted of the following:

(a) Striking Plaintiff's vehicle;

(b) Operating the truck and/or car freight vehicle at a high, excessive and dangerous rate of speed under the circumstances;

(c) Operating the truck and/or vehicle in a reckless manner and causing said vehicle to hit the vehicle Plaintiff was in;

(d) Operating said vehicle without keeping a proper lookout for road and traffic conditions;

(e) Disregarding the position of Plaintiff's vehicle on the roadway;

(f) Failing to exercise due care under the circumstances;

(g) Being otherwise careless and negligent;

(h) Failing to pay attention while changing lanes;

(i) Failing to use the required degree of skill and care in the operation of the vehicle;

tenosynovitis of the bicep, disc herniation at C4-6, L4-5 and L5-S1, disc bulge at L3-4, chronic headaches, lumbar radiculitis, thoracic sprain and strain, brachial radiculitis, sprained AC joint in the right shoulder; she suffered other serious orthopedic and neurological injuries, any and/or all of which are and/or may be aggravations of pre-existing conditions, the full extent of which have not as yet been ascertained; she sustained a severe shock to her nerves and nervous system; she has suffered excruciating and agonizing aches, pains and mental anguish, some or all of which are or may be permanent in nature.

14. As a further result of the accident aforesaid, Plaintiff, **Theresa Walls**, has, may and will probably in the future continue to suffer great pain and extreme agony, and she has been, and probably will, in the future, be hindered and prevented from attending to her usual daily duties, labors, occupations and household chores, thereby resulting in a loss, depreciation and diminution of her earnings and earning capacity, all to her great and continuing detriment and loss.

15. As a further result of this accident, Plaintiff, **Theresa Walls**, has sustained a severe loss and/or impairment of her earning capacity or power, which loss of income and/or impairment of her earning capacity and power has or makes the sum recoverable under the limitations as set forth in 75 Pa. C.S. Ch. 17 B Sec. 1701, et seq. and all other applicable laws.

16. As a further result of this accident, Plaintiff, **Theresa Walls**, has been and continues to be obliged to receive medical attention and care and to expend various sums of money and incur diverse medical expenses, including but not limited to those described in 75 Pa. C.S. Ch. 17 B Section 1701, et seq for the severe injuries which she has suffered, and she will be obliged to continue to make medical, hospital and surgical expenditures for an indefinite time in the future, all to her great and continuing detriment and loss.

17. As a direct and sole result of this accident, Plaintiff, **Theresa Walls**, has or may hereinafter incur other financial expenses and/or other losses including but not limited to loss of earnings, earning capacity and medical expenses which do or may exceed amounts which she may otherwise be entitled to recover, as well as further non-economic losses, and also loss of services and other items of

21. As a result of the aforementioned negligence, recklessness and carelessness of the Defendants, Plaintiff, **Theresa Walls**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Theresa Walls**, claims damages of the Defendant, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

## COUNT II
## PLAINTIFF vs. ATLAS LEASING COMPANY and TAK TRUCKING INC.

22. Plaintiff hereby incorporates by reference the previous paragraphs as if the same were set forth fully at length herein.

23. At the time and place aforesaid, the carelessness, negligence and recklessness of the Defendants, individually, jointly and/or severally consisted of the following:

- (a) Striking Plaintiff's vehicle;
- (b) Operating the truck and/or vehicle at a high, excessive and dangerous rate of speed under the circumstances;
- (c) Operating the truck and/or car vehicle in a reckless manner and causing said vehicle to hit the vehicle Plaintiff was in;
- (d) Operating said vehicle without keeping a proper lookout for road and traffic conditions;
- (e) Disregarding the position of Plaintiff's vehicle on the roadway;
- (f) Failing to exercise due care under the circumstances;
- (g) Being otherwise careless and negligent;
- (h) Failing to pay attention while changing lanes;
- (i) Failing to use the required degree of skill and care in the operation of the vehicle;
- (j) Operating said vehicle in a reckless manner;
- (k) Failing to properly maintain and/or repair and/or inspect said vehicle;
- (l) Operating said vehicle without due regard for the rights, safety and position of the Plaintiff herein at the point aforesaid;

(j)  Operating said vehicle in a reckless manner;

(k)  Failing to properly maintain and/or repair and/or inspect said vehicle;

(l)  Operating said vehicle without due regard for the rights, safety and position of the Plaintiff herein at the point aforesaid;

(m)  Otherwise violating the statutes of the Commonwealth of Pennsylvania, pertaining to the operation of motor vehicles upon the public highways;

(n)  Failing to slow down Defendant's vehicle prior to striking Plaintiff's vehicle;

(o)  Violating the mandate of the rules of the road;

(p)  Failing to apply the brakes in a timely fashion;

(q)  Failing to have said vehicle under proper and/or adequate control;

(r)  Failing to see Plaintiff's vehicle on the roadway;

(s)  Driving while distracted;

(t)  Failing to use caution when operating a vehicle so close to another vehicle;

(u)  Being otherwise negligent as revealed in discovery;

(v)  Illegally attempting to change lanes;

(w)  Failing to keep his eyes on the road;

(x)  Failing to sound the horn;

(y)  Failing to keep a foot on the break;

(z)  Failing to have adequate and/or working headlights;

(aa)  Failing to concentrate on his driving;

(bb)  Failing to slow down;

(cc)  Failing to be cognizant of the upcoming vehicle;

(dd)  Failing to slow down for stopped cars;

(ee)  Operating a vehicle without a clear view of the outside;

(ff)  Violating Plaintiff's right of way; and

(gg)  Veering into Plaintiff's lane of travel.

(m) Otherwise violating the statutes of the Commonwealth of Pennsylvania, pertaining to the operation of motor vehicles upon the public highways;

(n) Failing to slow down Defendant's vehicle prior to striking Plaintiff's vehicle;

(o) Violating the mandate of the rules of the road;

(p) Failing to apply the brakes in a timely fashion;

(q) Failing to have said vehicle under proper and/or adequate control;

(r) Failing to see Plaintiff's vehicle on the roadway;

(s) Driving while distracted;

(t) Failing to use caution when operating a vehicle so close to another vehicle;

(u) Being otherwise negligent as revealed in discovery;

(v) Illegally attempting to change lanes;

(w) Failing to keep his eyes on the road;

(x) Failing to sound the horn;

(y) Failing to keep a foot on the break;

(z) Failing to have adequate and/or working headlights;

(aa) Failing to concentrate on his driving;

(bb) Failing to slow down;

(cc) Failing to be cognizant of the upcoming vehicle;

(dd) Failing to slow down for stopped cars;

(ee) Operating a vehicle without a clear view of the outside;

(ff) Violating Plaintiff's right of way; and

(gg) Veering into Plaintiff's lane of travel;

(hh) Allowing a reckless driver to operate the vehicle;

(ii) Negligently entrusting the vehicle to **Eric Chevalier**.

24. As a result of the aforementioned negligence, recklessness and carelessness of the Defendants, Plaintiff, **Theresa Walls**, sustained serious, painful and permanent orthopedic and neurological injuries.

**WHEREFORE**, Plaintiff, **Theresa Walls**, claims damages of the Defendants individually, jointly and/or severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars.

**LOUIS B. HIMMELSTEIN & ASSOCIATES, P.C.**

BY: s/Louis B. Himmelstein
LOUIS B. HIMMELSTEIN, ESQUIRE
Attorney for Plaintiff

## VERIFICATION

The undersigned, hereby deposes and says that the facts set forth in the attached are true and correct to the best of my knowledge, information and belief; and I realize that statements contained in are subject to the penalties of 18 Pa. C.S. Section 4904, relating to unsworn falsification to authorities.

*Filed and Attested by the
Office of Judicial Records
24 JUL 2017 11:19 am*

_____
THERESA WALLS

Case ID: 170702318